2014 UT App 181

**Ranita Marie PARRISH, Petitioner and Appellee,**

v.

**William Hayes WYTTENBACH, Respondent and Appellant.**

No. 20130362–CA.

Court of Appeals of Utah.

July 31, 2014.

---

William Hayes Wyttenbach, Appellant Pro Se.

Michael R. Shaw, St. George, for Appellee.

Senior Judge PAMELA T. GREENWOOD authored this Memorandum Decision, in which Judges GREGORY K. ORME and STEPHEN L. ROTH concurred.[1]

## Memorandum Decision

GREENWOOD, Senior Judge:

¶1 Respondent William Hayes Wyttenbach contests the district court's order denying his request to register a Texas judgment under the Utah Uniform Child Custody Jurisdiction and Enforcement Act (the UCCJEA), *see* Utah Code Ann. §§ 78B–13–101 to –318 (LexisNexis 2012).[2] We affirm the order of the district court and remand to the district court for the calculation of reasonable attorney fees incurred on appeal.

¶2 This case originated in Texas when Petitioner Ranita Marie Parrish sought dissolution of a common-law marriage to Wyttenbach and adjudication of custody-related issues involving their children. In April 2009, Wyttenbach filed an Application to File Foreign Judgment in the Utah district court, seeking to register a May 2008 Texas order regarding child custody issues. In July 2009, the Texas court that had issued the May 2008 order held a hearing on the matter, which resulted in an August 2009 order that found Wyttenbach in contempt and also altered the contact Wyttenbach was allowed with the children. Then in September 2009, Wyttenbach filed an Addendum to Applica-

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

2. The Uniform Child Custody Jurisdiction Act, a precursor to the UCCJEA, had the following purposes:

    to avoid jurisdictional competition and conflict, promote interstate cooperation, litigate custody where the child and family have the closest connections and where significant evidence concerning the child is most readily available, discourage continuing conflict over custody, deter abductions and unilateral removals of children, avoid relitigation of another state's custody rulings, and promote the exchange of information and mutual assistance between different states.

    *In re D.S.K.*, 792 P.2d 118, 123 (Utah Ct.App. 1990).

tion to File Foreign Judgment, requesting that Utah invoke jurisdiction under the UC-CJEA. However, Wyttenbach made no mention of the August 2009 Texas order in this later filing.

¶ 3 The district court denied Wyttenbach's request to register the Texas judgment under the UCCJEA. The district court primarily based its decision on the fact that Wyttenbach had not made the necessary averments to register the judgment, but the district court also determined that even had Wyttenbach made the appropriate averments, it would have declined jurisdiction as an inconvenient forum. The district court additionally awarded Parrish her attorney fees and costs. Wyttenbach then timely appealed to this court.

¶ 4 Wyttenbach's principal argument is that the district court's decision was erroneous because it faulted him for doing what was impossible to do, that is, disclose the August 2009 Texas order in his April 2009 Application to File Foreign Judgment. However, he misstates the reasoning of the district court. The district court denied Wyttenbach's request because he failed to file certain averments that are required to register a foreign child custody judgment under the UCCJEA. We review for correctness the district court's determination that Wyttenbach failed to comply with the UCCJEA in his effort to register the Texas child custody determination. *See In re Adoption of Baby Girl*, 2010 UT App 114, ¶ 5, 233 P.3d 517 (" 'We review a district court's interpretation of a statute for correctness.' " (quoting *O'Dea v. Olea*, 2009 UT 46, ¶ 15, 217 P.3d 704)).

¶ 5 As a general matter, foreign judgments may be filed in Utah under the provisions found in the Utah Foreign Judgment Act (the UFJA), *see* Utah Code Ann. §§ 78B–5–301 to –307 (LexisNexis 2012), after which the foreign judgment shall be treated "as a judgment of a district court of Utah," *id.* § 78B–5–302(2). However, the UCCJEA imposes additional requirements for registration of a foreign child custody determination. In addition to a letter requesting registration and information about both parents and any person awarded custody, a party must also submit to the district court "two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified." *Id.* § 78B–13–305(1)(b).[3]

¶ 6 Wyttenbach undeniably failed to include and could not have truthfully included a statement that "to the best of [his] knowledge and belief ... the order has not been modified," *see id.*, with his request to register the Texas child custody determination in Utah. Wyttenbach's first filing that requested registration pursuant to the UCCJEA was his September 2009 Addendum to Application to File Foreign Judgment. The required averment was not made in that filing, and such an averment would have been untruthful with respect to the May 2008 Texas order at that time. Wyttenbach's initial April 2009 Application to File Foreign Judgment did not reference the UCCJEA and therefore was not, on its face, subject to its requirements. Regardless of the filing considered and the status of the Texas case at that time, the simple fact is that Wyttenbach at no point made any averment of the sort required by the UCCJEA for the registration of a foreign child custody determination.[4]

3. Thereafter, "the registering court shall ... serve notice upon the persons named ... and provide them with an opportunity to contest the registration." Utah Code Ann. § 78B–13–305(2) (LexisNexis 2012).

4. Even had Wyttenbach properly registered one or more of the Texas judgments under the UC-CJEA, this alone would not divest the Texas court of jurisdiction and give a Utah court jurisdiction to modify the prior child custody determinations. *See id.* § 78B–13–306(2) ("A court of this state shall recognize and enforce, but may not modify except in accordance with Part 2, Jurisdiction, a registered child custody determination of another state."). Much less would the registration of a simple civil judgment under the UFJA divest the issuing foreign court of jurisdiction over the case in which the judgment was issued. So, Wyttenbach's initial attempt to register the child custody order under the UFJA in April 2009 would not have prevented the Texas court from subsequently entering the August 2009 order, contrary to Wyttenbach's pervasive underlying argument that the Texas court lost jurisdiction after Wyttenbach's April 2009 filing.

Thus, the district court correctly denied Wyttenbach's request to register the Texas order.

¶ 7 Wyttenbach also argues that his rights were violated because the judge was biased and refused to recuse himself. The claim of bias is vague and seems to be primarily based on the fact that the judge and opposing counsel were at one time partners in the same law firm. A mere prior association of this sort, without more, does not establish bias. *In re Affidavit of Bias*, 947 P.2d 1152, 1155 (Utah 1997) (Zimmerman, C.J., sitting alone). Further, because the judge Wyttenbach accuses of bias was not the judge who issued the order before us on appeal, these claims are not properly before us in any event.

¶ 8 Parrish requests an award of attorney fees incurred on appeal. The district court granted Parrish an award of attorney fees under provisions of the UCCJEA, *see id.* § 78B–13–312 (providing for an award to the prevailing party of "necessary and reasonable expenses"). We "interpret[ ] attorney fee statutes broadly so as to award attorney fees on appeal where a statute initially authorizes them.... [W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (citation and internal quotation marks omitted). We therefore award Parrish her reasonable attorney fees incurred on appeal, and we remand to the district court for a determination of the amount of this award.

¶ 9 We affirm the order of the district court and remand to the district court for a calculation of reasonable attorney fees incurred on appeal.